

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE GOTTSCHALL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAGISTRATE JUDGE LEVIN |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | **05C 2163** |
| FUNDS IN THE AMOUNT OF ONE | ) | |
| HUNDRED AND NINETEEN THOUSAND | ) | |
| DOLLARS ($119,000); | ) | **FILED** |
| | ) | |
| ONE 2004 JAGUAR X TYPE | ) | APR 1 2 2005 |
| VIN: SAJEA51C74WE00332 | ) | |
| | ) | |
| Defendants. | ) | MICHAEL W. DOBBINS |
| | | CLERK, U.S. DISTRICT COURT |

### VERIFIED COMPLAINT FOR FORFEITURE

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States

Attorney for the Northern District of Illinois, for its verified complaint for forfeiture, states as

follows:

### Jurisdiction

1.     This is a forfeiture action, arising under 21 U.S.C. § 881(a)(6), for the forfeiture of

funds in the amounts of one hundred and nineteen dollars ($119,000), which funds were furnished

and intended to be furnished in exchange for a controlled substance, are the proceeds from the sale

of a controlled substance, and were monies used and intended to be used to facilitate narcotics

trafficking and One 2004 Jaguar X Type VIN: SAJEA51C74WE00332, which vehicle represent

proceeds from the sale of a controlled substance in violation of 21 U.S.C. § 801, *et seq.*

2.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1345 and 1355.

### Venue

3.      Venue is proper under 28 U.S.C. § 1395(b) because as the defendant funds and vehicle were found and seized within the Northern District of Illinois and will remain therein during the pendency of these proceedings.

### Specific Allegations

4.      This complaint fully incorporates the attached verifying affidavit of Special Agent Michael Mokhoff ("SA Mokhoff") of the Drug Enforcement Administration ("DEA").

5.      On November 15, 2004, the DEA received information about a large shipment of cocaine that arrived in Chicago in October of 2004. According to the information obtained by law enforcement, large quantities of cocaine were received by two furniture stores owned by Gerardo Morfin.

6.      Based on the information received at approximately 2:00 p.m. on November 15th, law enforcement officers established surveillance near Leslie Furniture located at 6800 Cermak Road, in Berwyn, Illinois. At approximately 2:05 p.m., Task Force Officer Roberto Guerra ("TFO Guerra") observed two individuals later identified as Fernando Rosales ("Rosales") and Cesar Morfin ("C. Morfin") drive up to the back of the furniture store and enter the rear entrance. After ten minutes, C. Morfin, Rosales, and a third individual later identified as Jose Gallegos ("Gallegos"), left the furniture store and drove away in a 2004 Jaguar X Type, VIN: SAJEA51C74WE00332 ("the Jaguar"). At that time TFO Guerra, SA Mokhoff and TFO Kenneth Howard initiated surveillance of the Jaguar. After several minutes Gallegos pulled over and approached TFO Guerra's vehicle to had a conversation that, in substance, involved inquiries about the surveillance.

7.      SA Mokhoff, TFO Guerra and TFO Howard approached the individuals and identified themselves as law enforcement officers. SA Mokhoff then requested identification from each of them. Gallegos presented a police badge identifying himself as a private detective. SA Mokhoff, using TFO Guerra as a Spanish interpreter, asked Gallegos if he was a police officer. Gallegos stated that he was not a police officer but that he was the co-owner of Leslie furniture. SA Mokhoff then asked Gallegos who the other owner was and Gallegos replied that it was Gerardo Morfin. The conversation continued relating generally to Gallegos and Geraldo Morfin's employment with a private detective agency.

8.      Subsequent investigation revealed that neither Gallegos nor Gerardo Morfin we registered with the state as private investigators.

9.      SA Mokhoff then asked Gallegos if he was willing to accompany the agents to the furniture store to conduct a consent search. Gallegos agreed, but stated that he would also like Gerardo Morfin to consent to the search. SA Mokhoff told Gallegos they would contact G. Morfin when they arrived at the store.

10.     When TFO Guerra, SA Mokhoff, TFO Howard and Gallegos entered the store, agents encountered an individual who stated that he was the manager of the store. SA Mokhoff then asked this individual to accompany him to an office to answer some questions. The manager agreed to speak with law enforcement officers. During a portion of the conversation that followed, the manager explained, in substance, to SA Mokhoff that he was the business manager while Gallegos and Gerardo Morfin were the store owners. His name, however, was listed as the store owner for tax and identification purposes.

3

11.     Further questioning of the store manager revealed, in substance, that he was aware of conversations surrounding deliveries of cocaine to the store. Moreover, when the manager returned to the store after a trip, he noticed a large amount of currency in the basement safe. Based on his experience, he knows generally that monthly profits of the store ranged between $20,000-$40,000 and most transactions are usually conducted by credit card or check rather than cash. Further, in early November 2004, the store manager was directed to take $15,000 from the safe to be deposited in a TCF bank account and withdrawn from the account for the purchase of the Jaguar.

12.     Upon his arrival at the store, Gerardo Morfin was questioned by law enforcement officers regarding the furniture store as well as the private detective agency. According to Gerardo Morfin, he owned the Leslie Furniture located on Grand Avenue in Chicago but the manager and Gallegos owned and ran the Cermak Road location.

13.     Both Gerardo Morfin and Gallegos signed a consent form allowing agents to search the basement safe. SA Mokhoff discovered United States currency in small denominations secured with rubber bands and wrapped in black plastic and duct tape in the safe. The funds totaled $119,000.

14.     Law enforcement agents called for a K-9 investigation. Burbank Police Department Officer Greg Perovich arrived on the scene with his narcotic detecting canine named "Kazan." Kazan reacted positively to the presence of narcotics odor on the currency seized and also in the area of the rear bumper and the interior of the trunk of the 2004 Jaguar. As a part of Kazan's involvement in narcotics investigations, the dog is certified and trained regularly.

15.     For the reasons stated herein and in the attached affidavit, there is probable cause to believe that the funds in the $119,000 were furnished and intended to be furnished in exchange for

4

a controlled substance, are the proceeds from the sale of a controlled substance and were used and intended to be used to facilitate a violation of the Controlled Substance Act and that One 2004 Jaguar X Type VIN: SAJEA51C74WE00332, represents proceeds from the sale of a controlled substance in violation of 21 U.S.C. § 801, *et seq.*, and are therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America requests:

A.     That the defendant funds and vehicle be proceeded against for forfeiture, that a warrant of seizure and monition issue and that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; and

B.     That the court adjudge and decree that the defendant funds and vehicle be forfeit to the United States and that the property be disposed of according to law.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: 

MARSHA A. McCLELLAN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

STATE OF ILLINOIS     )
                               ) SS
COUNTY OF COOK     )

## AFFIDAVIT

Michael Mokhoff, being duly sworn on oath, deposes and states as follows:

1.     I am a Special Agent with the Drug Enforcement Administration and have been so employed for approximately seven years. My duties and responsibilities as a Special Agent with DEA involves investigation of alleged violations of the controlled Substances Act, Title 21 of the United States Code.

2.     I have read the complaint in this matter and the facts alleged are true and correct to the best of my knowledge and belief based upon my own personal knowledge as well as information I have received from other agents, persons and documents, and it does not include each and every fact known to me concerning this investigation but is submitted for the limited purpose of establishing a basis to believe the property identified is subject to forfeiture.

3.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Michael Mokhoff
Special Agent
Drug Enforcement Administration

SUBSCRIBED and SWORN to before me
this 12th day of April 2005.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Barbara Robertson
Notary Public, State of Illinois
My Commission Exp. 12/26/2007

6